UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK LINDSAY NUCKOLS,

    Plaintiff,

v.                                    Case No. 8:23-cv-1487-MSS-CPT

TRUSTEES OF DARTMOUTH
COLLEGE and TUCK SCHOOL
OF BUSINESS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Mark Nuckols's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Nuckols's complaint. (Doc. 1). For the reasons discussed below, I respectfully recommend that Nuckols's IFP Motion be denied without prejudice and that his complaint be dismissed with leave to amend.

I.

This case stems from Nuckols's time as an MBA student at the Tuck School of Business (Tuck) at Dartmouth College (Dartmouth) between 2004 and 2006. (Doc. 1 at 6–7). As alleged in his complaint, Nuckols felt he had an "extremely alienating and

discouraging experience" during his semesters at Tuck because of, *inter alia*, the hurtful treatment and remarks to which he was subjected by students and faculty members. *Id.* at 9–15.

Years later, in March 2022, Nuckols stopped receiving regular emails from Tuck and Dartmouth and was also denied access to their respective alumni databases without any notice or explanation. *Id*. at 15. Nuckols avers that given his past history with various individuals at these schools, he perceived this exclusion "to be a form of excommunication" because he found the databases to be "valuable for seeking employment and other networking opportunities." *Id*. at 15, 22. In an apparent attempt to remedy this problem, Nuckols alleges he emailed various components of Tuck and Dartmouth throughout 2022 and 2023 about his inability to gain entry to the databases and other complaints he had. *Id*. at 17–18. According to Nuckols, he eventually received a reply in February 2023 from Dartmouth's General Counsel, who instructed him to "cease further communication with Dartmouth College employees" because Nuckols used "profane and harassing language" towards those employees in March 2022. *Id.* at 17–18, 31–35. Unsatisfied with this response, Nuckols asserts he sent three more letters to Dartmouth's General Counsel, none of which garnered a response. *Id.* at 18–20, 35–39.

Based upon these allegations, Nuckols initiated this lawsuit pursuant to the Court's diversity jurisdiction, asserting state law claims for intentional infliction of emotional distress and breach of implied contract. (Doc. 1). For relief, Nuckols seeks $270,000 in compensatory damages and at least $480,000 in punitive damages. *Id.*

2

With respect to his claim of indigency, Nuckols represents in his IFP Motion that he is currently unemployed, that he earned roughly $475 per month during the past year, and that he expects to collect approximately $1,270 in retirement and public assistance payments moving forward. (Doc. 2). Nuckols also represents that he incurs $1,080 in monthly expenses and that he has $910 in a checking account. *Id.*

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (citation and internal quotation marks omitted). In determining whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

3

When an application to proceed in forma pauperis is filed, the district court must also review and dismiss the case sua sponte if it determines the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (explaining that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, the courts are not to "act as de facto counsel" for pro se litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Nuckols qualifies as indigent for purposes of section 1915, his complaint is subject to dismissal because, at a minimum, it does not establish that the Court has subject matter jurisdiction over his action, does not demonstrate that the case is properly venued in this District, and does not satisfy the threshold pleading requirements of Federal Rule of Civil Procedure 10.  Each of these deficiencies will be addressed in turn.

A.

As a general matter, federal subject matter jurisdiction is most often found "aris[ing] under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or based upon the "diversity" of the parties under 28 U.S.C. § 1332 (i.e., diversity jurisdiction).  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (citing 28 U.S.C. §§ 1331, 1332).  Regardless of whether a plaintiff is relying on federal question or diversity jurisdiction, he must include in his complaint a short and plain statement setting forth facts that, if true, demonstrate that a court has subject matter jurisdiction to entertain his case.  Fed. R. Civ. P. 8(a)(1); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013) (citation omitted).

As noted above, Nuckols seeks to invoke the Court's diversity jurisdiction here. To show that the Court has such jurisdiction, Nuckols must establish that there is complete diversity of citizenship among the parties (i.e., that no plaintiff is a citizen of

the same state as any defendant), and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332; *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).  In this context, the citizenship of an individual is determined by his "domicile," which requires a showing of "*both residence in a state and 'an intention to remain there indefinitely.'*"  *Travaglio*, 735 F.3d at 1269 (emphasis added) (citation omitted); *see also Smith ex rel. Cox v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state.") (citation omitted).

Nuckols does not plead sufficient facts in his complaint to demonstrate his citizenship.  While he maintains he is a Florida citizen, he does not allege any desire to stay in Florida.  This omission is especially notable because it seems from Nuckols's complaint and his IFP motion that his present living situation in Florida is only temporary. (Docs. 1, 2).

B.

Turning to the matter of venue, a district court has a responsibility, whether on the parties' motion or on its own motion, to "dismiss an action or transfer it to 'any district or division in which it could have been brought.'"  *Wildstein v. Cheyenne Holdings, Inc.*, 2016 WL 7366892, at *3 (M.D. Fla. Aug. 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 7338516 (M.D. Fla. Dec. 19, 2016).  The "party seeking a federal venue must establish the venue's jurisdictional requirements."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  A district court may dismiss a suit sua sponte for

lack of venue, after first giving the parties an opportunity to address the issue. *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (citation omitted).

Section 1391 of Title 28, United States Code, provides that a civil action may be filed in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Nuckols does not adequately show that his case is properly brought in this District. According to his complaint, Tuck and Dartmouth are situated in New Hampshire, and a "substantial part of the events or omissions giving rise to [Nuckols's] claim[s]" seemingly transpired in that state as well. 28 U.S.C. § 1391(b)(2); *see also Emrit v. Central Intelligence Agency*, 2022 WL 1158003, at *2 (N.D. Fla. Mar. 21, 2022) (finding venue improper where when the events giving rise to the complaint occurred in another district and the defendants were located in other districts), *report and recommendation adopted*, 2022 WL 1156015 (N.D. Fla. Apr. 19, 2022). Indeed, Nuckols avers that "the Defendants conduct presumably took place in Hanover, N[ew] H[ampshire]." (Doc. 1 at 4).

7

C.

In addition to the above infirmities, Nuckols's complaint does not comply with the strictures of Rule 10. That rule mandates that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, if doing so would promote clarity, that he also state "each claim founded on a separate transaction or occurrence . . . in a separate count." Fed. R. Civ. P. 10(b). These requirements assist a defendant in discerning what a plaintiff is asserting in his complaint and in "fram[ing] a responsive pleading." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted); *see also Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). They also help a court "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes*, 79 F.3d at 1082.

Nuckols's complaint does not meet this pleading standard here. Although he numbers his factual allegations, he does not separate his claims for intentional infliction of emotional distress and breach of implied contract into different counts. Nor does he identify the pertinent facts that buttress each of these causes of action. *See Gabriel v. Windy Hill Foliage Inc.*, 2022 WL 2288687, at *2 (11th Cir. June 24, 2022) (per curiam) (criticizing "complaints that do 'not separat[e] into a different count each cause of action or claim for relief'") (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015)); *Reddick v. DeSantis*, 2023 WL 2872483, at *3 (M.D. Fla. Mar. 22, 2023) (finding a complaint violated Rule 10 where it did not

8

"separate into a different count each cause of action or claim for relief"). Nuckols's failure to properly plead his claims in this respect deprives his complaint of the necessary "clarity" and "precision" demanded by Rule 10, especially given the distinct nature of his claims and the extensive factual background he alleges. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10[ ], and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading"). The fact that Nuckols is proceeding pro se does not excuse his failure to comply with these basic pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Gabriel*, 2022 WL 2288687, at *2 ("Pro se litigants are 'subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.'") (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

IV.

Notwithstanding the above issues, I believe the Court should dismiss Nuckols's complaint without prejudice and with leave to amend, so that Nuckols has an opportunity to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend his complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). If Nuckols wishes to file a

9

revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so. Nuckols may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases. Nuckols may also review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide For Proceeding Without a Lawyer." The Court's website additionally contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

For the reasons set forth above, I respectfully recommend that the Court:

1. Deny Nuckols's IFP Motion (Doc. 2) without prejudice;

2. Dismiss Nuckols's complaint (Doc. 1) without prejudice;

3. Grant Nuckols leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4. Caution Nuckols that a failure to comply with this directive may result in the dismissal of his case without further notice.

Respectfully submitted this 26th day of January 2024.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Mary S. Scriven, United States District Judge
Counsel of record